(No. 4653—

THE WALSH OIL COMPANY, INC., AN ILLINOIS CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed February 25, 1955.*

WALTER O. HERSCHBACH, Attorney for Claimant.

LATHAM CASTLE, Attorney General; MARION G. TIERNAN, Assistant Attorney General, for Respondent.

WHAM, J.

The complaint filed herein alleges that claimant, An Illinois Corporation, entered into a contract with respondent to furnish certain work and materials to respondent at the Illinois State Penitentiary, Joliet and Stateville Branches, Joliet, Illinois. The contract is dated September 14, 1951, and a true and correct photostatic copy of same is attached to the complaint, and marked exhibit No. 1.

Claimant further alleges that, pursuant to the provisions of the contract, it was employed by respondent, by and through the Department of Public Works and Buildings, to furnish all work and materials for constructing certain sanitary sewers from the Joliet and Stateville Penitentiary Branches and connecting same with the Joliet City Sewer System, Joliet, Illinois, all as shown in the plans, and as specified. Respondent by the terms and provisions of said written contract agreed to pay claimant the sum of $220,897.50, being the estimated and anticipated total extension price of the various quantities and unit prices, as set forth in said contract.

In its complaint, claimant further alleges that the total extension of the quantities of work and material actually furnished to respondent at the agreed unit prices, as set forth in said contract, is in the sum of $242,450.32, and that, in addition thereto, claimant also

furnished respondent certain extra and additional work and materials, all as requested, authorized and approved by respondent, of a value and agreed price of $6,217.68, thus making a total of $248,668.00 due and owing claimant in connection with said contract.

It appears from the complaint that, up to and including the filing date of the complaint, to-wit: November 1, 1954, respondent has paid to claimant a total sum of $229,829.03, leaving a balance now due and owing claimant in the sum of $18,838.97 on said written contract.

It was further alleged in the complaint that all work and materials required by the written contract, and all extra or additional work and materials requested, authorized and approved by respondent, have been furnished. All of claimant's duties and obligations with respect thereto have been fulfilled and completed, and have been accepted by respondent, the said contract having been fully performed and the project completed on or about January 1, 1953.

It appears from the complaint that claimant presented a claim to the Department of Public Works and Buildings of the State of Illinois, Division of Architecture and Engineering, on or about April 20, 1953; that thereafter a letter dated February 10, 1954, a copy of which is attached to the complaint, and marked exhibit No. 2, signed by Louis N. Gerding, Supervising Architect for said Department, was received by claimant. The letter reads as follows:

"We are advised by the Department of Public Safety that inasmuch as the funds appropriated in the 67th biennium to cover the cost of work at the above captioned project was not reappropriated, and that these funds lapsed September 30, 1953 by legislative action, that consequently no funds are available to make payment with regard to this contract during the 68th biennium.

"The situation with which we are confronted is regrettable, however, it seems there is no other recourse but to file suit with the Court of Claims, Centennial Building, Springfield, Illinois. Inasmuch as all work in connection with this project is 100% complete, we see no reason why this claim cannot be filed at this time."

The complaint further alleges that claimant is the owner of all the claims set forth therein, and that no assignment or transfer of any claim or any part or interest therein has been made; that a bill of particulars, setting forth the total amount due under the contract, and the amount previously paid, is attached to the complaint as exhibit No. 3, and shows the amount due as $18,838.97.

Claimant further alleges in its complaint that, before payment could be made, the appropriation made by the 67th biennium lapsed.

A stipulation has been entered into by claimant and respondent and filed herein, which stipulation reads as follows:

"(1) That the Departmental Report of the Division of Architecture and Engineering, Department of Public Works and Buildings, signed by Louis H. Gerding, Supervising Architect, and certified by E. A. Rosenstone, Director, heretofore filed with this Court, shall constitute the record in this case, and the Court may proceed to dispose of the case upon such record without the filing of briefs or oral argument; and

(2) That this instrument is intended solely as a stipulation of the facts, or some of them, relating to the above captioned claim, and is executed for the purpose of avoiding the necessity of taking evidence with reference to such facts.

If, through inadvertence, or otherwise, conclusions are included herein, they are not intended to be binding either on the parties or on the Court."

A motion requesting leave to dispense with the filing of a brief and argument was jointly filed by claimant and respondent, and was allowed by the Court.

The Departmental Report, referred to in the stipulation, reads as follows:

"The present claim has as its foundation a contract between the Walsh Oil Company, Inc. and the State of Illinois, Division of Architecture and Engineering. This contract is designated No. 6775. The contract is for sanitary sewer connections at Illinois State Penitentiaries, Joliet and Stateville. The contract was entered into September 14, 1951, in accordance with Senate Bill No. 680. In view of the fact the contract was not completed before the close of the biennium, an extension of Senate Bill No. 680 was secured in Senate Bill No. 770. The work with regard to this contract was completed January 1, 1953, which is, of course, prior to the end of the biennium. The certificate of the Division of Architecture and Engineering was issued approving work as completed, and on May 19, 1953, a letter was written from Mr. Gerding to Mr. Bibb, of the Department of Safety, setting forth this fact, and stating that we owed the Walsh Oil Company, Inc. $18,838.97.

This Department checked with the Auditor's Office, and it was determined that on January 1, 1953, there were sufficient funds remaining in this appropriation to pay the amount owed to the Walsh Oil Company, Inc. However, due to time consumed in processing the bills which were submitted, same were not approved for payment until after the appropriation had lapsed. All bills concerning this contract were submitted before the end of the biennium and before the appropriation had lapsed. In checking with the Auditor's Office, it was determined that on January 1, 1953 there was left in this appropriation approximately $35,000.00, which, as has been pointed out before, is substantially in excess of the amount owed the Walsh Oil Company, Inc."

From the record submitted in this case, it appears that the amount of $18,838.97 is now due and owing claimant by respondent, and the claim in that amount is hereby allowed.